UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **VINCENT COY RICHARD** | * | **CIVIL ACTION NO. 16-0841** |
| **VERSUS** | * | **UNASSIGNED DISTRICT JUDGE** |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

### Background & Procedural History

On March 5, 2014, Vincent Richard protectively filed the instant application for Title II Disability Insurance Benefits. *See* Tr. 12, 83-84. He alleged disability as of December 22, 2013, because of a back injury. (Tr. 99, 103). The state agency denied the claim at the initial stage of the administrative process. (Tr. 37-43, 46-50). Thereafter, Richard requested and received a hearing on November 18, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 24-36). In a January 22, 2015, written decision, the ALJ determined that Richard was not disabled under the Social Security Act, finding at step five of the sequential evaluation process that he was able to make an adjustment to work that exists in significant numbers in the national economy. (Tr. 9-20). Richard appealed the adverse decision to the Appeals Council. On April 13, 2016, however, the Appeals Council denied Richard's request for review; thus the ALJ's decision

became the final decision of the Commissioner. (Tr. 1-3).

On June 14, 2016, Richard filed the instant complaint for judicial review of the Commissioner's final decision. Plaintiff contends that the Appeals Council erred in its analysis of post-hearing medical evidence that plaintiff submitted in the first instance to the Appeals Council. The matter is fully briefed, and ripe for decision.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical

or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

### The ALJ's Findings

**I.  Steps One, Two, and Three**

The ALJ determined at step one of the sequential evaluation process that the claimant did not engage in substantial gainful activity during the relevant period. (Tr. 14). At step two, he found that the claimant suffered severe impairments of lumbar and cervical degenerative disease and communicating hydrocephalus with shunt revision. (Tr. 14-15).[1] He concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at step three of the process. (Tr. 15-16).

**II.  Residual Functional Capacity**

The ALJ next determined that the claimant retained the residual functional capacity ("RFC") to perform the full range of sedentary work. (Tr. 16-18).[2]

---

[1] The ALJ further found that the claimant's medically determinable impairment of depressive disorder was not severe. *Id*.

[2]  Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing

**III.    Steps Four and Five**

At step four, the ALJ determined that the claimant was unable to perform his past relevant work. (Tr. 18-19). Accordingly, he proceeded to step five. At this step, the ALJ determined that the claimant was a "younger" individual, with a high school education, and with the ability to communicate in English. *Id*. Transferability of skills was not material to the decision. *Id*.

The ALJ then observed that given the claimant's vocational factors, and an RFC for the full range of sedentary work, the Medical-Vocational Guidelines directed a finding of not disabled. 20 C.F.R. § 404.1569; Rules 201.28, Table 1, Appendix 2, Subpart P, Regulations No. 4. *Id*.

## **Analysis**

On November 6, 2013, plaintiff was working as a welder at Grand Isle Shipyard. While lifting a pipe, he felt and heard an internal pop in his lower back, accompanied by immediate pain. He took the next few days off of work and initially thought it was a muscle sprain. Within a few days, however, he began to experience radiating pain into his bilateral lower extremities. He continued to work full-time for nearly seven weeks after the precipitating event, but then ultimately discontinued work on December 22, 2013, secondary to progression of his symptoms.

As early as March 2014, neurologist Jason Cormier, M.D., had scheduled plaintiff for anterior lumbar interbody fusion surgery ("ALIF"). (Tr. 185, 19).[3] However, a chart note from April 2, 2014, indicates that plaintiff called to cancel his surgery. (Tr. 184). The reason plaintiff

---

are required occasionally and other sedentary criteria are met. 20 C.F.R. 404.1567(a).

[3] Around the same time period, plaintiff filed the instant disability application.

provided for the cancellation was that his attorneys were involved, and that they wanted him to wait on surgery. *Id*. Plaintiff stated that he would call back when he was ready to reschedule. *Id*.

Dr. Muldowny's notes from May 25, 2014, reflect that plaintiff was experiencing second thoughts about whether or not he wished to undergo surgery. (Tr. 168). He wanted to try physical therapy first. *Id*.

On July 31, 2014, plaintiff underwent lumbar epidural steroid injection at L5-S1. (Tr. 215-216, 204-205). However, the injection failed to provide any relief. (Tr. 202-203). Despite continuing to feel miserable, plaintiff still was thinking about whether he wanted to undergo surgery or give the pain more time to subside on its own. *Id*.

In September 2014, plaintiff still was interested in surgical intervention for his back pain. (Tr. 209). Moreover, surgery and pain relief were likely to decrease his over-endorsed symptoms of depression. *Id*.

At the time of the November 2014, hearing in this matter, plaintiff's ALIF surgery had been re-scheduled for December 9, 2014. (Tr. 27).

Plaintiff ultimately underwent the ALIF surgery on January 26, 2015 – a mere two business days after the ALJ issued his decision in the matter. *See* Tr. 211-214. Plaintiff submitted to the Appeals Council copies of the physicians' two operative reports from the January 26, 2015, procedure. *Id*. The Appeals Council, however, issued its rote denial: "we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council . . . We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 1-2).

6

Plaintiff's lone assignment of error[4] before this court is that the Appeals Council failed to properly evaluate the new evidence, which according to plaintiff, should have compelled the Appeals Council to remand the matter to the ALJ for consideration of same.

The court observes that the regulations do not require the Appeals Council to discuss newly submitted evidence or to provide reasons for denying review. *Sun v. Colvin*, 793 F.3d 502 (5th Cir. 2015). Citing a Fourth Circuit decision, the Fifth Circuit held that when "significant" new evidence, (i.e., when it arguably undermines the stated rationale for the ALJ's decision) is presented to the Appeals Council, then the courts must reverse and remand the matter to the Commissioner to consider and weigh the effect of the evidence. *Sun, supra* (citing *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011).

Under the regulations, however, the Appeals Council is obliged to consider additional evidence only when it is new, material, and related to the period on, or before the date of the ALJ's decision. *Meyer, supra* and 20 C.F.R. § 404.970(b). Evidence is considered "new" "if it is not duplicative or cumulative" and "material" if there is "a reasonable possibility that [it] would have changed the outcome." *Meyer, supra* (citing *Wilkins v. Sec'y, Dept. of Health Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*)). Consequently, evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner merely because the Appeals Council did not address the evidence in its decision. *See Higginbotham v. Barnhart* 405 F.3d 332 (5th Cir. 2005); *Higginbotham v. Barnhart*, 163 Fed. Appx. 279, 2006 WL 166284 (5th Cir. 1/10/2006) ("*Higginbotham II*"). Rather, in appropriate cases, the courts may assign their own reasons for discounting the significance of evidence presented initially to

---

[4] "The court will consider only those errors **specifically identified** in the briefs." (Sept. 21, 2016, Sched. Order [doc. # 6]).

the Appeals Council.[5]

Plaintiff contends that it is reasonable to believe that the ALJ would have changed his RFC, had he known that plaintiff underwent lumbar fusion surgery within two months after the administrative hearing. However, plaintiff testified at the hearing that he was scheduled to undergo surgery less than one month after the hearing. Moreover, plaintiff's physicians had recommended surgery as early as March 2014. The ALJ did not question the need for surgery in his decision. Rather, he credited plaintiff's complaints of pain and restriction and accounted for them by significantly reducing plaintiff's RFC to work at the sedentary exertional level.[6]

If anything, the fact that plaintiff eventually acceded to the surgery that his physicians had recommended some ten months earlier, undermines his claim. While it is certainly reasonable for plaintiff to have been reticent about an invasive surgery that had no guarantee of success, the instant record reflects that plaintiff deferred surgery not because of such well-founded fears, but upon advice of counsel.[7] Of course, a claimant will not be found disabled if he fails, without good reason, to follow prescribed treatment. 20 C.F.R. 404.1530. Needless to say, an attorney's

---

[5] In *Higginbotham II*, the panel discounted new evidence from claimant's treating physician as conclusory and unsupported. *Higginbotham, II, supra*. In *Garth v. Astrue*, the Fifth Circuit discounted the significance of new evidence from plaintiff's treating physician because it contradicted his own treatment notes and plaintiff's testimony. *Garth v. Astrue*, 393 F. App'x 196, 199 (5th Cir. Aug. 26, 2010).

[6] In *Sun*, the Fifth Circuit reversed and remanded for consideration of new evidence that included a second surgery and additional medical records, which showed that plaintiff was non-weightbearing for months after her surgery. *Sun, supra*. In that case, however, the ALJ expressly highlighted the lack of medical treatment records in his decision and also found that the claimant was able to ambulate. *Id*. In other words, the new evidence *was* material to the decision.

[7] Indeed, at least from the social security disability perspective, had plaintiff undergone the surgery when recommended and it had been successful, then he might not have satisfied the twelve month "expected" duration requirement. *See* 20 C.F.R. § 404.1505(a) (defining disability)

strategic considerations do not constitute good cause to defer prescribed treatment. *Id*.

In sum, plaintiff has not demonstrated that plaintiff's new evidence is material, i.e., that there is "a reasonable possibility that [it] would have changed the outcome." Accordingly, the court finds no error; remand is not warranted.

## Conclusion

Upon review, the undersigned finds that the Commissioner's determination that plaintiff was not disabled under the Social Security Act is supported by substantial evidence and remains free of legal error. Accordingly,

IT IS RECOMMENDED that the Commissioner's decision be AFFIRMED, in its entirety, and that this civil action be DISMISSED with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 6th day of August, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE